UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| JACK BONSER, | Case No. 3:21-cv-01711-AA |
| Plaintiff, | ORDER |
| v. | |
| DEWAYNE HENDRIX, Warden; FCI SHERIDAN, | |
| Defendants. | |

AIKEN, District Judge.

Plaintiff filed this action pursuant to *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971) and alleged unconstitutional conditions of confinement at FCI Sheridan. Plaintiff's Complaint failed to state a cognizable claim for relief under *Bivens*, and he was afforded the opportunity to amend his allegations. Plaintiff timely filed an Amended Complaint.

In his Amended Complaint, plaintiff alleges that FCI Sheridan inmates have been in lockdown for eighteen months, during which time inmates are permitted only fifteen minutes per day to shower and/or make a phone call and that food will "sit for hours" before being distributed. Am. Compl. at 2. Plaintiff further alleges that in December 2020, he tested positive

1 -    ORDER

for COVID-19 and was rehoused in the gym area with forty-five other inmates for several weeks, where he slept and ate on a mattress on the floor. *Id.* Plaintiff also maintains that he was given inadequate medical care after he was diagnosed with COVID-19. *Id.* at 2-3. As pled, these allegations cannot sustain an Eighth Amendment claim for damages under *Bivens*.

As an initial matter, a *Bivens* remedy has not been recognized in the context of inmate food distribution, lockdown conditions, or prison density. *See Ziglar v. Abbasi*, 137 S. Ct. 1843, 1857 (2017). While the lack of medical care can support a *Bivens* claim, it must be premised on individual liability for the challenged conduct, and plaintiff does not allege who was responsible for the denial of care or allege facts demonstrating Warden Hendrix's personal involvement.

Even though plaintiff does not state a viable *Bivens* claim, he arguably alleges a claim for injunctive relief. Plaintiff alleges that Warden Hendrix continues to impose severe and unconstitutional lockdown conditions under which inmates have no access to the grievance process, the law library, or medical care, and that his medical conditions "are getting worse." Am. Compl. at 1, 3. Construed liberally, plaintiff seeks access to medical care, at minimum.

Accordingly, the Court construes plaintiff's claim as one arising under the United States Constitution and seeking injunctive relief against Warden Hendrix in his official capacity. 28 U.S.C. § 1331; 5 U.S.C. § 702 (waiving sovereign immunity for federal actions "seeking relief other than money damages and stating a claim that an agency or an officer or employee thereof acted or failed to act in an official capacity"); *Solida v. McKelvey*, 820 F.3d 1090, 1096 (9th Cir. 2016) (explaining that a "*Bivens* action is not necessary in suits, such as this one, which seek equitable relief against the federal government"); *see also Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 74 (2001) (recognizing that "unlike the *Bivens* remedy… injunctive relief has long been recognized as the proper means for preventing entities from acting unconstitutionally"); *The*

*Presbyterian Church (U.S.A.) v. United States,* 870 F.2d 518, 525 (9th Cir. 1989) (holding that "§ 702's waiver of sovereign immunity" is not "limited to suits challenging 'agency action'").

CONCLUSION

Plaintiff sufficiently states a claim for injunctive relief against Warden Hendrix in his official capacity. Plaintiff's *Bivens* claims are DISMISSED without prejudice to reallege at a later stage of the proceedings.

The Clerk of the Court is directed to provide plaintiff with summons and Instruction Form USM-285. Plaintiff shall complete the summons and Instruction Form for the defendant and provide the complete mailing address for defendant on the summons and Instruction Form and return them to the Clerk of the Court. Plaintiff is advised that he must check the box on Form USM-285 which reads "Check for service on U.S.A."

Upon receipt of the completed summons and Instruction Form, IT IS ORDERED that the Clerk of the Court shall issue process. Service of the summons and Amended Complaint shall be made by the United States Marshals Service. Plaintiff sues Warden Hendrix in an official capacity and service may be effectuated by registered or certified mail. Fed. R. Civ. P. 4(i)(2).

The United States Marshals Service is DIRECTED to serve copies of the summons and Amended Complaint on: (1) the U.S. Attorney for the District of Oregon by delivery or by registered or certified mail; (2) the U.S. Attorney General in Washington, D.C., by registered or certified mail; and (3) Dewayne Hendrix by registered or certified mail.

IT IS SO ORDERED.

DATED this  2nd  day of February, 2022.

                                      _____/s/Ann Aiken_____
                                          Ann Aiken
                                United States District Judge

3 -    ORDER